UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BONNER, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, et al.,<br><br>　　　　Defendants. | 2:10-cv-1267 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiffs Charles Bonner, Akram Arastehjoo, and Robert Lee's motion for a temporary restraining order, order to show cause, and a preliminary injunction to stop illegal foreclosure. (Doc. #4).

Pursuant to Federal Rule of Civil Procedure 65, plaintiffs request that this court enter a temporary restraining order to prevent the defendants from selling, transferring, conveying, foreclosing upon, or evicting the plaintiffs from, the property located at 3858 Pima Lane, Las Vegas, NV. Further, they request that any sale of the real property be set aside and rendered null and void, pending a hearing on the matter.

In their complaint, plaintiffs allege that on April 28, 2010, defendants caused a non-judicial foreclosure of the above referenced property. They assert, in addition to many other claims, that the defendants were not licensed to foreclose on the property, that they violated many federal and state statutes, and that they unlawfully invaded the plaintiffs' property by breaking a window and changing the locks. Plaintiffs now assert that they will suffer immediate and irreparable injury if the

**James C. Mahan**
**U.S. District Judge**

1  property is able to be sold, conveyed, transferred, or foreclosed upon. The only contention that the
2  plaintiffs make with regards to an imminent harmful activity, is that of the foreclosure, which already
3  occurred April 28, 2010.
4        According to Fed. R. Civ. P. 65, a court may issue a temporary restraining order when the
5  moving party provides specific facts showing that immediate and irreparable injury, loss, or damage
6  will result before the adverse party's opposition to a motion for preliminary injunction can be heard.
7  The Supreme Court has stated that courts must consider the following factors in determining whether
8  to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success on the
9  merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of hardships;
10 and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).
11       Here, the plaintiffs have not demonstrated a threat of immediate and irreparable injury, loss,
12 or damage as required under Federal Rule of Civil Procedure 65.
13       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for a
14 temporary restraining order (Doc. #4) be, and the same hereby is, DENIED without prejudice.
15       DATED August 23, 2010.

                                                                    **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -