UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES A. BONNER, et al.,

    Plaintiffs,

v.

SPECIALIZED LOAN SERVICING LLC, et al.,

    Defendants.

2:10-CV-1267 JCM (RJJ)

**ORDER**

Presently before the court is plaintiffs Charles Bonner, Akram Arastehjoo, and Robert Lee's motion for a preliminary injunction to stop illegal foreclosure (doc. #5), filed on August 17, 2010. To date, defendants have not filed an opposition.

On August 23, 2010, this court denied plaintiffs' motion for a temporary restraining order (doc. #6), based on the lack of immediate or irreparable harm shown. Pursuant to Federal Rule of Civil Procedure 65, plaintiffs now request that this court enter a preliminary injunction to prevent the defendants from selling, transferring, conveying, foreclosing upon, or evicting the plaintiffs from, the property located at 3858 Pima Lane, Las Vegas, NV. Further, they request that any sale of the real property be set aside and rendered null and void, pending a hearing on the matter.

Plaintiffs' complaint stems from the allegations that on April 28, 2010, defendants caused a non-judicial foreclosure of the above referenced property. They assert, in addition to many other claims, that the defendants were not licensed to foreclose on the property, that they violated many federal and state statutes, and that they unlawfully invaded the plaintiffs' property by breaking a

**James C. Mahan**
**U.S. District Judge**

1  window and changing the locks. Plaintiffs now assert that they will suffer immediate and irreparable
2  injury if the property is able to be sold, conveyed, transferred, or foreclosed upon. The only
3  contention that the plaintiffs make with regards to an imminent harmful activity, is that of the
4  foreclosure, which already occurred April 28, 2010.

5  The Supreme Court has held that courts must consider the following factors in determining
6  whether to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success
7  on the merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of
8  hardships; and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76
9  (2008).

10  As with plaintiffs' motion for a temporary restraining order, they have failed to demonstrate
11  that a threat of immediate and irreparable injury, loss, or damage exists, as required under Federal
12  Rule of Civil Procedure 65. Absent any additional claims of immediate or irreparable injury, this
13  court is not inclined to grant the preliminary injunction.

14  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for a
15  preliminary injunction (Doc. #4) be, and the same hereby is, DENIED.

16  DATED September 15, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -