1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

CHARLES A. BONNER, et al.,

8

Plaintiffs,

9

v.

10

SPECIALIZED LOAN SERVICING
LLC, et al.,

11
12

Defendants.

2:10-CV-1267 JCM (RJJ)

13
14

**ORDER**

15       Presently before the court are defendants Specialized Loan Servicing LLC, John Beggins,

16   U.S. National Association as trustee, Mark Hostelter d/b/a Independence Reality, Mark Hostetler,

17   individually, and Independence Realty's (hereinafter "answering defendants") motion to dismiss

18   complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a). (Doc. #9). Plaintiffs

19   Charles A. Bonner, Akram Arastehjoo, and Robert Lee filed an opposition. (Doc. #12). Defendants

20   filed a reply in support of the motion to dismiss. (Doc. #13).

21   **I.       RELEVANT FACTS**

22       On or about November 22, 2004, plaintiff Robert Lee solely obtained a loan from lender,

23   Florez Consulting, Inc. d/b/a Meridas Capital, for approximately $300,000.00 which was secured

24   by a deed of trust against real property commonly known as 3858 Pima Lane, Las Vegas, NV 89109.

25   Plaintiff Lee failed to pay the mortgage on the property, and on June 10, 2009, Mortgage Electronic

26   Registration Systems ("MERS") recorded a notice of default and election to sell on the property. On

27   June 10, 2009, a substitution of trust was recorded, substituting Brittany Wood as foreclosure trustee

28

**James C. Mahan**
**U.S. District Judge**

under the deed of trust. On July 29, 2009, an assignment of the deed of trust was recorded.  On September 14, 2009, a notice of default and election to sell was recorded again. On March 22, 2010, a notice of trustee's sale was recorded, scheduling a foreclosure sale for April 16, 2010.

In plaintiffs' complaint, they assert twenty claims for relief that arise from the alleged wrongful foreclosure against ten named defendants, as well as "Does 1-100." In order to challenge a foreclosure sale for any reason, to set it aside, or to bring any claim that arises from a foreclosure sale, a plaintiff must first allege a proper tender of the entire owing on his loan. *Abdullah v. United States Bank*. 43 Cal. App 4th 1101, 1109 (1996). An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff not be in breach of the mortgage contracts. *Collins v. Union Federal Sav. & Loan Ass'n*. 662 P.2d 610, 623 (Nev. 1983). Plaintiffs here do not allege that there was ever an attempt to tender the full amount due or that any efforts to repay the loan were made. (Doc. #13, pg. 3). Therefore, any claims arising from an alleged wrongful foreclosure will not survive.

**II.    MOTION TO DISMISS**

In the motion to dismiss, answering defendants assert that throughout plaintiffs' complaint and opposition, they fail to explain how the claims are applicable to them. (Doc. #13, pg. 4). Specifically, they assert that plaintiffs fail to address how individuals involved solely with the foreclosure could possibly be responsible for failing to disclose information concerning finance charges, accepting charges for real estate services, or failing to answer a qualified written request. *Id*.

Finally, answering defendants assert that "the purported defects asserted by plaintiffs, even if assumed as true, are not grounds to set aside the foreclosure sale in this instance as a matter of law when the terms of the deed of trust have been complied with and the Nevada noticing statues have been followed under NRS Chapter 107 in this matter." (Doc. #3, pg. 7).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

A.      Applicable Law

Pro se litigants[1] are held to a less stringent pleading standard than attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, all complaints must set forth enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court evaluates the pleading according to Federal Rule of Civil Procedure 8, which requires a short and plain statement showing that the pleader is entitled to the relief sought.

To comply with Rule 8, a complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Moreover, the complaint should not contain irrelevant or only slightly relevant material. *Id.* It is the plaintiff's duty to ensure the complaint is coherent, logical, and well-organized. *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir. 2008).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. In order for a complaint to survive a 12(b)(6) motion, he must "provide the grounds for his entitlement to relief [which] requires more than labels and conclusions. *Bell Atlantic Corp. v. Twomb ly*, 550 U.S. 544, 547 (2007). Further, "formulaic recitation of the elements of a claim will not do." *Id.*

Fed. Rule of Civ. P. 9(b) "does not allow a complaint to merely lump multiple defendants together, but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG*, 467 F.3d 756, 764-65 (9th Cir. 2007). Further, the plaintiffs' complaint must put the defendant on notice of the particular misconduct the defendants are alleged to have committed so that the defendants can properly defend against all allegations. *Vess.v. Geigy Corp. USA*, 317 F.3d 1097, 1104–05 (9th Cir. 2003).

Here, the court finds that plaintiffs have not pled sufficient facts to survive defendants'

---

[1]Despite the fact that plaintiffs claim to be "pro se," defendants point out that one of the allegedly "pro se" plaintiffs is licensed to practice law, has a business address for his firm, and has a nearly identical litigation pending in northern California.

James C. Mahan
U.S. District Judge

motion to dismiss on any claim.

  **B.**  <u>Claim 1 & 2 - Conversion/Trespass to Chattels</u>

  Plaintiffs' first and second claims for relief do not state cognizable claims, but merely recite factual allegations. Plaintiffs merely claim that when defendants took possession of the subject property they changed the door locks, which completely barred plaintiffs' access to the property. Plaintiffs allege trespass to chattels on the grounds that expensive door locks and other property were damaged. Plaintiffs claim that due to this alleged wrongful foreclosure, defendants broke into the property and broke expensive state of the art combination locks and replaced them with substandard locks and door hardware. However, this cause of action ignores the fact that plaintiff Lee specifically authorized the foreclosure sale of said property in the event that he defaulted on the terms of the deed of trust. As previously stated, plaintiff Lee breached the deed of trust by failing to make timely payments owed on his loan. Thus, as the foreclosure of the property was proper and authorized by plaintiff Lee himself, the claims for relief of conversion and trespass to chattel fail.

  Further, in asserting a claim for conversion, plaintiffs state that a lock and a window were removed and broken. However, these are fixtures, not personal property. As these fixtures were preventing defendants from accessing the property which was properly foreclosed upon, these fixtures were no longer plaintiffs' property and plaintiffs' claim for conversion fails.

  **C.**  <u>Claim 3 - Forcible Detainer</u>

  To state a claim for forcible detainer a person must either be guilty of entering (1) by force, or by menaces or threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or (2) who, in the nighttime, or during the absence of the occupant of any real property, unlawfully enters thereon, and who, after demand made for the surrender thereof, refuses for a period of 3 days to surrender the same to such former occupant. N.R.S.§ 40.240. The occupant of real property within the meaning of this subsection is one who, within 5 days preceding such unlawful entry, was in the peaceable and undisturbed possession of such lands. *Id*.

  Plaintiffs allege a violation of N.R.S. § 40.240, even though plaintiff Lee implicitly granted

**James C. Mahan**
**U.S. District Judge**

access to defendants when he defaulted on the terms of his deed of trust, which specifically authorized the sale of said property in the event that plaintiff failed to make mortgage payments. Therefore, plaintiffs cannot allege that defendants "unlawfully entered" or unlawfully held or kept possession of the property. This court agrees with the defendants that the foreclosure of the property was authorized by the plaintiffs, and as such, to the extent that this cause of action is based on the foreclosure sale, this claim is dismissed.

D.   Claim 4 - Fraud

Under Nevada law, "[a]n action may be brought by any person who is a victim of consumer fraud." N.R.S. § 41.600(1). However, the claim must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. V. Antelope Valley Hosp. Dist.*, 940 F. 2d 397, 405 (9th Cir. 1991).

Plaintiffs claim that the defendants made false representations to them (doc. #3, p. 14-15), but do not state *what* these false representations were. For example, plaintiffs state that "[d]efendant lenders intended to defraud [p]laintiff Lee, the borrower, by concealing true facts of their predatory lending scheme, which was not to comply with applicable law." (Doc. #3, p.14). Plaintiffs allege that the defendants are guilty of "material misrepresentations of right to title and possession of [p]laintiffs property"(doc. #3, p.14), but fail to state *what* these material misrepresentations were.

As plaintiffs have not met the heightened pleading standard by failing to identify acts, committed by specific defendants, which would constitute deceptive trade practices, consumer fraud, or material misrepresentations, plaintiffs' claim for fraud must fail.

E.   Claim 5 - Set Aside Illegal Trustee Sales

Plaintiffs allege in their fifth claim that the substitution of trustee was invalid, rendering the foreclosure invalid. They claim that the substitution of trustee to Brittany Wood was not a valid assignment of the deed of trust because although the substitution of trustee dated June 8, 2009, in which U.S. Bank National Association, as trustee for Terwin Mortgage Trust, assigns the deed of

James C. Mahan
U.S. District Judge

trust to Brittany Wood, 10 days later, on June 18, 2009, MERS assigned the deed of trust to U.S. Bank National Association. Plaintiffs contend that on June 8, 2009, U.S. Bank National Association was not the trustee and had no interest in the deed of trust to assign to Brittany Wood, as it did not receive an interest in the property until ten days later, on June 18, 2009.

As previously noted, the foreclosure sale substantially complied with the required Nevada statues. Even minor proecdural errors do not void foreclosure sales. *Mortgage Elec. Registration Sys., Inc. v. Goduto*, 955 A. 2d 544, 550 (Conn. App. 2008). As directed by the United States Supreme Court, state foreclosure statutes should not be second guessed or usurped, otherwise "every piece of reality purchased at foreclosure" would be challenged and title would be clouded in contravention of the very policies underlying deed of trust and non-judicial foreclosure sales. *BFP v. Resolution Trust Co.*, 511 U.S. 531, 539-40 (1994).

Accordingly, plaintiffs' fifth claim for relief to set aside illegal trust sales is dismissed.

F.    Claim 6 - Slander of Title

Plaintiffs allege that "defendant lenders published notices regarding [p]laintiffs' property, which notices were not privileged because the 'foreclosure' process was achieved through fraud and the result of fraudulent misrepresentations." (Doc. #3, p.19). Slander of title involves (1) false and malicious communications; (2) disparaging to one's title in land; (3) causing special damage. *Higgins v. Higgins,* 103 Nev. 443, 445, 744 P.2d 530, 531 (Nev. 1987) (internal citations omitted). A plaintiff alleging a claim for slander of title must meet a heightened pleading standard. Nevada Revised Statute § 107.80(2)(c) gives the trustee the power of sale once the notice of default has been recorded.

Plaintiffs' claim fails because defendant lenders recorded a valid note of default against the property on June 10, 2009 (doc. #9, pg. 4 - exhibit B), and the plaintiffs have failed to allege facts that support a finding that the recording of the default involved either false or malicious communication. Specifically, in the complaint, plaintiffs have failed to state *what* communications were false, *how* the defendants acted with malice, and *what* special damages they suffered, as required by Rule 8. Fed. R. Civ. P. 8. Therefore, the plaintiffs' claim for slander of title is dismissed.

James C. Mahan
U.S. District Judge

G.    Claim 7 - Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, the plaintiffs must show "(1) that the answering defendant's conduct was extreme and outrageous with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered extreme emotional distress and (3) actual or proximate causation." Star v. Rabello, 97 Nev. 124, 125, 625 P.2d 90, 91-92 (1981).

Plaintiffs state conclusory allegations that lack the particularity required by rule 9(b). Plaintiffs allege that they have suffered damages due to the defendants "illegal actions," which resulted in "fraud and breaches of fiduciary duties." However, plaintiffs have failed to provide the court with facts to support the necessary "extreme and outrageous conduct," "extreme emotional distress," or causation to establish a claim for intentional infliction of emotional distress.

H.    Claim 8 - Violation of the Fair Credit Reporting Act (FCRA)

Plaintiffs' eighth cause of action alleges that "[d]efendants wrongfully, improperly, and illegally reported negative information as to the [p]laintiffs to one or more [c]redit [r]eporting [a]gencies... " (doc. #3, p.20).  However, the answering defendants in the instant action are not the original lenders, and a claim against them regarding the lending practices cannot survive.

Further, as defendants contend, plaintiffs fail to provide any factual support for these allegations. Plaintiffs fail to state *what* information was unlawfully provided, *how* this reporting was inaccurate, and *how* it caused injury to plaintiffs. Absent any facts supporting these allegation as required by Rule 8, plaintiffs' claim for the violation of the Fair Credit Reporting Act is dismissed. Fed. R. Civ. P. 8.

Pursuant to 15 U.S.C. §1681(o), one may be held liable where his/her compliance is due to negligence. Plaintiffs again assert that defendants were negligent in violating FCRA, but fail to provide any facts to support these allegations. Accordingly, this claim must fail against the answering defendants.

I.    Claim 9 - Unjust Enrichment

Unjust enrichment is a quasi-contract theory that allows the court to prevent "the unjust

James C. Mahan
U.S. District Judge

retention of money or property of another against fundamental principles of justice or equity and good conscience." *Asphalt Products Corp. v. All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev. 1995). However, "an action for unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

Here, plaintiff Lee's loan documents created the express, written agreement upon which the plaintiffs base a majority of their claims. Accordingly, as there can be no agreement implied where there is an express agreement, claim nine is dismissed as to all defendants.

### J.    Claim 10 - Civil Conspiracy

Conspiracy is defined as an agreement between two or more persons for an unlawful purpose. *Nunnery v. Eighth Judicial Dist. Court ex rel. County of Clark*, 186 P.3d 886, 888 (Nev. 2008). To allege a conspiracy to defraud, a complaint must meet the particularity requirements of F. R. of Civ. P. 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, the complaint fails to allege wrongful foreclosure, resulting in a failure to establish a predicate unlawful purpose as a basis for the alleged conspiracy. Furthermore, the complaint is devoid of any analysis as to which acts performed by which defendants allegedly constituted conspiracy. Therefore, plaintiffs' claim is not cognizable against these defendants and is dismissed.

### K.    Claim 11 - Quiet Title

An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *MacDonald v. Krause*, 77 Nev. 312, 317–18 (Nev. 1961). A widely accepted rule in such actions is that the party must tender the undisputed amount due and owing to challenge the validity of the sale. *See, e.g., Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996). In essence, he who seeks equity must do equity. *See McQuiddy v. Ware*, 87 U.S. 14, 19 (1873).

James C. Mahan
U.S. District Judge

- 8 -

1   "[A] trustor cannot quiet title without discharging his debt. The cloud upon his title persists

2   until the debt is paid." *Aguilar v. Bocci,* 39 Cal. App. 3d 475, 478 (1974). The fact that lenders

3   recorded a valid note of default against the property on June 10, 2009, and September 14, 2009,

4   (doc. # 9 - exhibit B and E) shows that the debt on the property is anything but paid. Plaintiffs' claim

5   must be dismissed because plaintiffs have not done equity; it is undisputed that plaintiff Lee

6   defaulted on his loan. Accordingly, this cause of action is dismissed.

7           L.      Claim 12 - Usury

8           Plaintiffs' twelfth claim for usury is not applicable to the answering defendants and is not a

9   plausible cause of action in Nevada.. Pursuant to Nevada Revised Statue § 99.050, "[p]arties may

10  agree for the payment of any rate of interest on money due or to become due on any contract, for the

11  compounding of interest if they choose, and for any other charges or fees. The parties shall specify

12  in writing the rate upon which they agree, that interest is to be compounded if so agreed, and any

13  other charges or fees to which they have agreed."

14          Plaintiffs allege that the APR was not disclosed, that the interest rate was greater than state

15  law permitted, and that the state was being cheated out of revenue for assignments. However, as

16  evidenced by NRS. § 99.050, Nevada law does not set a limit on the rate of interest that can be

17  charged on a loan. Furthermore, plaintiffs fail to explain how these defendants had any involvement

18  in setting the interest rate charged on the loan, and fail to demonstrate, with any specificity, that these

19  defendants engaged in such conduct or caused injury as a result of alleged wrongdoing. Plaintiffs

20  state conclusory allegations that again lack the particularity required by rule 9(b). Fed. R. Civ. P. 9.

21  Therefore, plaintiffs' claim for usury is dismissed.

22          M.      Claim 13 - Unfair Debt Collection Practices

23          Plaintiffs allege that all defendant lenders violated the Fair Debt Collection Practices Act,

24  the Real Estate Settlement Procedures Act, and other federal and state statutes. Plaintiffs' thirteenth

25  cause of action also states that defendant lenders were not licensed to make loans.

26          This claim is against all defendant lenders and lists statutes applicable to lenders. The court

27  agrees with the answering defendants that this claim simply does not apply to non-lender defendants

28

**James C. Mahan**
**U.S. District Judge**

1  such as the answering defendants.  Therefore, claim thirteen is also dismissed against the answering

2  defendants.

3        N.     Claim 14 - Invasion of Privacy

4        In the fourteenth cause of action, plaintiffs claim invasion of privacy against all defendants.

5  Plaintiffs' claim falls within the family of invasion of privacy torts, more specifically the tort of

6  intrusion. To recover under the tort of intrusion, a plaintiff must prove several elements, namely; (1)

7  an intentional intrusion, (2) on the solitude or seclusion of another, (3) that would be highly

8  offensive to a reasonable person. *People for the Ethical Treatment of Animals v. Bobby Berosini,*

9  *Ltd.* 111 Nev. 615, 895 P.2d 1269 (1995). Further, in order to have a protectable interest, the plaintiff

10  must show "an actual expectation of seclusion or solitude and that that expectation was objectively

11  reasonable." *Id.*

12        Plaintiffs claim invasion of privacy when defendants entered their house after they defaulted

13  on their obligations. First, plaintiffs do not have an "expectation of seclusion" that was objectively

14  reasonable when they knew of the upcoming foreclosure. Additionally, this claim is insufficiently

15  plead, not meeting the standards of Rule 8 and is dismissed. Fed. R Civ. P. 8.

16        O.     Claim 15 - Trespass

17        Plaintiffs' fifteenth cause of action is merely a restatement of the prior trespass to chattels

18  and forcible detainer claims.  No new allegations or non-conclusory statements are made for this

19  claim for relief.  This court again agrees with the defendants that as evidenced by the deed of trust,

20  plaintiff consented to lender's power of sale in the event that plaintiff defaulted on the terms of his

21  deed of trust.   According to the notice of default, Plaintiff breached his duty to make timely

22  payments and the notice of trustee's sale shows that plaintiff did not cure such default. Thus, during

23  the course of the foreclosure sale, any entry made on said property was specifically authorized by

24  plaintiffs. Accordingly, the claim for relief for trespass is dismissed.

25        P.     Claims 16 and 18 - HOEPA and TILA Violations

26        Plaintiffs allege that defendants violated both the Truth in Lending Act (TILA) and the Home

27  Ownership Equity Protection Act (HOEPA) by failing to disclose certain facts at the time of plaintiff

28

James C. Mahan
U.S. District Judge

1   Lee's loan origination. In these claims, plaintiffs are seeking relief under TILA pursuant to 15 U.S.C.

2   1639(a)(1) and (h).

3   Under TILA, a plaintiff's claims are barred unless they are filed within a one-year period after

4   the consummation of the transaction. 16 U.S.C. §1640(e). *King v. State of Cal.*, 784 F.2d 910, 915

5   (9th Cir. 1986).  Being that plaintiff Lee's loan was funded on or about November 22, 2004, and that

6   plaintiffs did not file suit until July 29, 2010, they are unable to bring these claims. Therefore,

7   plaintiffs are barred from asserting violations of TILA and HOEPA in their sixteenth and eighteenth

8   claims for relief.

9   Additionally, as previously mentioned, these answering defendants did not participate in the

10  origination of plaintiff Lee's loan and any of plaintiffs claims arising from the lending process cannot

11  survive against answering defendants.

12  Q.    Claim 17 - Real Estate Settlement Procedures Act (RESPA)

13  "Congress enacted RESPA in 1974 to protect home buyers from inflated prices in the home

14  purchasing process." *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1008 (9th Cir. 2002).

15  Additionally, "no person shall give and no person shall accept any fee, kickback, or thing of value

16  pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of

17  a real estate settlement service involving a federally related mortgage loan shall be referred to any

18  person." *Id.* at 1009 (citing 12 U.S.C. § 2607(a)).

19  The seventeenth cause of action alleges that defendants accepted certain charges in violation

20  of RESPA. However, this claim is also barred by the one year statute of limitations for claims under

21  sections 2607 or 2608. Here, plaintiff Lee's loan was funded on November 22, 2004, however he

22  failed to assert his rights under RESPA until July 29, 2010, when this instant suit was filed. In

23  summary, as plaintiffs failed to bring this action within one year of the alleged violation, this claim

24  is also barred by the statute of limitations and is dismissed.

25  R.    Claim 19 - Unfair Business Practices

26  Plaintiffs attempt to assert a claim for unfair business practices, yet fail to cite to a statute or

27  rule to support their assertion. Defendants argue, and this court agrees, that plaintiffs' claim is simply

28

**James C. Mahan**
**U.S. District Judge**

1   derivative of their other, inapplicable and/or poorly pled claims. Plaintiffs fail to state a specific

2   claim against defendants concerning an unfair business practice. Furthermore, plaintiffs fail to state

3   *why* or *how* defendants have done anything unfair to plaintiffs. As plaintiffs fail to adequately plead

4   by whom and when such alleged violations occurred as required by Federal Rule of Civil Procedure

5   8, this claim is dismissed.

6      S.  <u>Claim 20 - Negligence</u>

7      In the twentieth claim for relief, plaintiffs assert a claim for negligence. They

8   state,"[d]efendants, and each of them, engaged in unreasonable, unprivileged and illegal conduct,

9   breaching their duty to act with due care so as to avoid creating injury to [p]laintiffs." (Doc. #3,

10  p.33). This court again agrees with the answering defendants that this final claim for negligence is

11  the "epitomy [sic] of a conclusionary statement." (Doc. #9, p. 25).

12     Plaintiffs fail to cite any legal authority or provide any facts in support of their assertions. "To

13  recover under a negligence theory, the complainant must prove four elements: (1) that the defendant

14  owed him a duty of care; (2) that defendant breached this duty of care; (3) that the breach was the

15  legal cause of plaintiff's injury; and (4) that the complainant suffered damages." *Hammerstein v.*

16  *Jean Dev. West*, 907 P.2d 975, 977 (Nev. 1995).

17     Plaintiffs, yet again, have inadequately pled their negligence claim; they have failed to state

18  *how* or *who* acted negligently. Furthermore, plaintiffs have not established nor met the elements of

19  negligence. Specifically, plaintiffs fail to demonstrate how the answering defendants breached any

20  duty owed or how they caused injury by any such breach. Insufficiently pled, this final cause of

21  action for negligence is dismissed.

22     T.  <u>Conclusion</u>

23     Federal Rule of Civil Procedure 41 allows a court to dismiss a complaint with prejudice if

24  the complaint fails to comply with the Federal Rules. However, a court should not dismiss with

25  prejudice under Rule 41 before considering less drastic alternatives. *McHenry v. Renne*, 84 F.3d

26  1172, 1178 (9th Cir. 1996).

27     In the instant case, the court finds dismissal without prejudice is warranted. If plaintiffs

28

**James C. Mahan**
**U.S. District Judge**

choose to pursue their claims for relief, they should revise the complaint to: (1) succinctly state the facts, linking them to specific, cognizable legal theories, (2) exclude quoted information that is unnecessary to prove the case, and (3) state claims against appropriate defendants in lieu of lumping them together. Additionally, the plaintiffs cannot leave the complaint devoid of any analysis as to which cognizable claims should be paired with the appropriate, corresponding defendant. If plaintiffs amended complaint fails to meet the requirements of Rule 8, this court may then consider dismissal with prejudice under Rule 41.  *McHenry*, 84 F.3d at 1130.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that the answering defendants' motion to dismiss (doc. # 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the above captioned case be, and the same hereby is, DISMISSED as to the answering defendants without prejudice.

DATED March 28, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 13 -